UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID J. GONZALES-TEJEDA,<br><br>    Petitioner,<br>v.<br><br>STATE OF NEVADA, et al.,<br><br>    Respondents. | Case No. 3:15-cv-00020-MMD-WGC<br><br>ORDER |

On May 15, 2015, this Court entered an order directing petitioner to show cause why this case should not be dismissed for lack of exhaustion. (Dkt. no. 3.) Petitioner has filed a response to that order. (Dkt. no. 5.) Having considered that response, the Court shall order the respondents to appear in this action and respond to the petition.

A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1); *Cook v. Schriro*, 538 F.3d 1000, 1025 (9th Cir. 2008). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. *Cook*, 538 F.3d at 1025; *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

In its order to show cause, this Court noted that it appeared as if the petitioner had not filed a timely direct appeal of his conviction and that he filed a petition for post-conviction relief in the state district court that the court dismissed as untimely. (Dkt. no. 3 at 1.) The Court further noted that it appeared as if petitioner failed to properly appeal that decision, resulting in the Nevada Supreme Court dismissing the appeal for lack of jurisdiction. (*Id.* at 1-2.) The presentation of a claim in a procedural context in which it

will not be considered by the state court is not a "fair presentation" for purposes of exhaustion. *Castille v. Peoples*, 489 U.S. 346, 351–52 (1989).

In his response to the order to show cause, petitioner suggests that his lack of resources and inability to communicate with legal counsel caused his failure to timely file a direct appeal. Those factors do not, however, excuse the failure to exhaust state court remedies. And, to the extent petitioner attributes lack of exhaustion to ineffective assistance of counsel, such a claim must, itself, be first presented to the state court in a properly filed petition for collateral review. *See Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000) (holding that before ineffective assistance of appellate counsel may be utilized as cause to excuse a procedural default, the particular ineffective assistance of counsel allegation must first be exhausted before the state courts as an independent claim).

Petitioner also argues that he presented all of his substantive claims to the Nevada Supreme Court in his appeal of the state district court's denial of his post-conviction petition. In that proceeding, petitioner filed a "fast track statement" that included the same or similar claims to the ones now presented in his federal petition. (Dkt. no. 5 at 26-31.) However, the Nevada Supreme Court construed petitioner's appeal as an appeal of the lower court's order denying his motion for reconsideration (rather than the order denying his state habeas petition) and dismissed the appeal for lack of jurisdiction because state law does not authorize such an appeal.[1] Presumably, that decision stemmed from the fact that, in his fast track statement, petitioner identified that order as the relevant order on appeal. (Dkt. no. 5 at 27.)[2]

---

[1] This finding is supported by both the petitioner's representations in his federal habeas petition (dkt. no. 1 at 3) and the online docket records for Case No. 66503 in the Nevada Supreme Court (nvcourts.gov).

[2] The fast track statement states: "This is an appeal from denying a 'Petition for Writ of Habeas Corpus' set by District Court on August 27, 2014. & Served by Mail on August 28, 2014. [sic]." According to petitioner's representations in his federal habeas petition and the online docket records for Case No. CR12-0572 in the Second Judicial District Court for Nevada (washoecourts.com), these dates pertain to the state court's order denying his motion for reconsideration.

2

On the other hand, a review of the portion of the Nevada Supreme Court docket available online establishes that the state supreme court may have erred in making that ruling. While petitioner's notice of appeal is ambiguous, the Clerk of the Nevada Supreme Court specifically requested the state district court clerk to transmit the "Order Denying Petition filed on 7/18/14 and Notice of Entry of Order filed on 7/30/14." (Case No. 66503; docket entry of Oct. 15, 2014.) The state district court clerk complied with that request. (*Id.*; docket entry of November 14, 2014.) Thus, this Court questions why the Nevada Supreme Court determined that petitioner was appealing the order denying his motion for reconsideration rather than the order placed before it by the lower court pursuant to the Nevada Supreme Court's request.

Given this uncertainty, this Court is not prepared to dismiss this action on procedural grounds without additional information and/or briefing from the parties. Accordingly, the respondents shall be ordered to file their response to the petition. *See* Rule 4, Rules Governing Habeas Corpus Cases Under Section 2254.

It is therefore ordered that the Clerk shall electronically serve the petition for writ of habeas corpus, with attachments (dkt. no. 1), and a copy of this order on the respondents. The Clerk shall add Attorney General Adam Paul Laxalt to the CM/ECF docket sheet. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order.

It is further ordered that respondents shall file a response to the petition, including potentially a motion to dismiss, within forty-five (45) days of service of the petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 4.

It is further ordered that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer.

Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that petitioner shall have thirty (30) days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded — for this case — to the staff attorneys in Reno.

DATED THIS 15th day of June 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4