UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID J. GONZALES-TEJEDA,<br><br>                           Petitioner,<br>    v.<br><br>STATE OF NEVADA, et al.,<br><br>                          Respondents. | Case No. 3:15-cv-00020-MMD-WGC<br><br>ORDER |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by David J. Gonzales-Tejeda. On September 15, 2015, respondents filed a motion to dismiss Gonzales-Tejada's petition, arguing that the petition is time-barred and that various claims in the petition are procedurally and/or substantively defective for a variety of reasons. (ECF No. 12.) Petitioner did not file a response to the motion. Finding respondents' timeliness argument to be meritorious, the Court will grant the motion as discussed below.

I.      PROCEDURAL BACKGROUND[1]

Petitioner was convicted in the state district court for Washoe County, Nevada, of felony driving under the influence. He was sentenced to a term of imprisonment of 24 to 72 months. The judgment of conviction was entered on August 29, 2012. Petitioner did not file a direct appeal.

---

[1] This procedural background is derived from the exhibits located at ECF Nos. 13-15, and from this court's own docket entries.

On October 31, 2013, petitioner filed a post-conviction petition for a writ of habeas corpus in state district court. The court denied the petition on July 18, 2014, citing, among other reasons, untimeliness under Nevada law. Petitioner moved for reconsideration of the district court's order on July 28, 2014, arguing cause and prejudice for his untimely petition for the first time. On August 27, 2014, the district court denied the motion and directed petitioner to file an appeal to the Nevada Supreme Court.

Petitioner filed a notice of appeal. The Nevada Supreme Court construed the appeal as an appeal from the order denying the motion for reconsideration and dismissed for lack of jurisdiction. The order dismissing the appeal was entered on December 12, 2014. The remittitur was issued on January 7, 2015.

Petitioner initiated this federal action on January 15, 2015.

## II.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year filing period for § 2254 habeas petitions in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *Id*. Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

As noted above, petitioner's judgment of conviction was entered on August 29, 2012. He did not file a direct appeal. Thus, for the purposes of 2244(d)(1), his conviction became final on September 28, 2012, the last day on which he could have filed a direct appeal under Nevada law. *See* Nev. R. App. P. 4(b)(1)(A); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Accordingly, petitioner had until Monday, September 30, 2013, to file his federal habeas petition, unless the time was otherwise tolled by statute.

///

Because he waited until October 31, 2013, to file a state habeas petition in state district court, petitioner cannot benefit from statutory tolling in this case. That is, his one-year filing period under § 2244(d) elapsed before he filed his state petition. Thus, this Court does not need to determine whether the state petition was "properly filed." *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (explaining that jurisdictional matters are "condition[s] to filing" that must be met for a petition to be considered "properly filed").

Petitioner's federal habeas petition is time-barred. This action will be dismissed with prejudice. Respondents' arguments for dismissal with respect to individual claims in the petition are moot.

It is therefore ordered that respondents' motion to dismiss (ECF No. 12) is granted. The petition for writ of habeas corpus (ECF No. 1) is dismissed with prejudice.

It is further ordered that the Clerk enter judgment accordingly.

It is further ordered that petitioner is denied a certificate of appealability.

DATED THIS 26th day of May 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE